## STATE *ex rel.* SCHOOL DISTRICT No. 6 *vs.* EATON.

### ALTERNATIVE WRIT OF MANDAMUS.

Heard February 28, 1860.]                    [Decided March 6, 1860.

### *Mandamus—Pleadings—School Districts.*

A plea to answer in an action by mandamus which does not traverse and deny, or confess and avoid the material facts stated in the answer, is bad upon demurrer.

State ex rel. School District No. 6 vs. Eaton.

Although it may be proper and convenient practice for a town superintendent of schools to file and record an order dividing a school district in his own office, and also in the office of the town clerk; yet if it be not so filed and recorded, it is not therefore inoperative and void.

Upon the division of a school district possessed of a school house, the value thereof is to be apportioned between the portions of the district so divided.

If an answer to an alternative writ sets forth that the value of the school house was apportioned among the portions of the district into which it had been divided; that the money had been raised by taxes, and tendered to the new district, it is a sufficient answer, unless denied.

This was an alternative writ of mandamus, to compel Thos. H. Eaton, the clerk of school district No. 6, in the town of Monroe, Green county, to report to the town clerk of the town the amount of the value of the house in said district, which had been apportioned to school district No. 8.

From the evidence it appears that the district No. 6 had been divided from district No. 8, November, 1856; and that the school house belonging to No. 8 remained within the limits of the district after the division; that No. 8 retained the house and other property, and that no apportionment had been made to No. 6; that, subsequently, in January, 1858, Moulton, the superintendent of the town, finding no order of apportionment, made an order, and apportioned to No. 6 the sum of $349 as its portion, which order was filed and recorded in his office, and also in the office of the town clerk; that district No 8. claimed that there had been an apportionment by Bintliff, the first superintendent, but it denies this; that no taxes had been raised by district No. 8, to pay off the said apportionment of $349; but it had neglected so to do; that the clerk of the district had refused to certify the amount so apportioned to district No. 6, so that the town clerk might put the same in the tax list of property in that district for the year 1859, and that the collector might collect the same.

To this writ the respondent Eaton answered, confessing the division of district No. 8, as stated in the writ; but that at the time of said division the superintendent determined and apportioned the value of said school property retained by district No. 8, and which belonged to No. 6, was $86 30; that he made an order in writing on the 27th of February, 1857, which was set forth at length; that the order was never appealed from, nor vacated, altered or amended; that this order was made prior to the organization of district No. 6, but many of the residents of the latter district were apprised of it; that

the amount so apportioned to No. 6 was duly collected in 1858, and that the same was in the hands of the treasurer of district No. 8, who notified the treasurer of No. 6 that the sum was so collected, and subject to the order of the officers of district No. 6; and that said officers refused to receive the same; that when the amount had lain some time in the hands of the treasurer of district No. 8, and then was deposited in the Bank of Monroe; that afterwards, on the 14th of February, 1859, the amount was again tendered to the treasurer of district No. 6, in gold and silver coin; that district No. 8 are, and always have been ready, &c., to pay the sum of $86 30, so apportioned; and the same are now in said bank, for the use of No. 6; that the order made by the superintendent in 1858 has no force or validity whatever, for the reason that the first order was in full force; and that the last superintendent had no authority to make the order.

To this answer the relator pleaded, denying that Bintliff, the superintendent who divided the district, ever notified the residents or electors of district No. 6 of the apportionment of the property; that Moulton, the successor of Bintliff, ever had notice or knowledge of any apportionment made by Bintliff.

To this plea the respondent demurred generally.

*E. E. Bryant* and *J. A. Sleeper*, for the respondent.

*M. Kelley* and *J. H. Knowlton*, for the relator.

*By the Court*, COLE, J. This case stands upon a demurrer to the plea which has been filed to the answer made to the alternative writ. It seem to us that the demurrer must be sustained. From the answer it appear that Bintliff, the superintendent of common schools, who formed school district No. 6, out of the territory of district No. 8, properly apportioned the value of the school house and other property justly due the new district, as he was required to do by the provision of the statute. The plea does not traverse and deny, or confess and avoid the fact that the superintendent made the order of apportionment mentioned and set up in the answer, bearing date February 27th, 1857. This we consider the ma-

terial point of the answer, and which, if true, shows that a peremptory writ should not be awarded. But the plea takes issue upon immaterial questions and is therefore bad.

It was insisted, however, upon the argument by the counsel for the relators, that the order made by the superintendent, Bintliff, was inoperative and void, because it was not filed or recorded by him in his office, or in the office of the town clerk. But we do not think this point well taken; however proper and convenient the practice might be for the town superintendent to make a record of such an order in his own office, or in the office of the town clerk; still, we cannot perceive that the statute makes it his duty to file or record such orders, or provides that their validity shall depend upon their being so recorded or filed. The statute, in effect, provides that when a new district is formed in whole or in part from one or more districts possessed of a school house, or entitled to other property, the town superintendent, at the time of forming such new district, shall ascertain and determine the proportion of the value of the school house and other property justly due to such new district. Chap. 23, § 64, Rev. Stat.

The next section prescribes the mode, or declares the principle upon which this apportionment shall be made. But the statute does not declare that the apportionment shall be inoperative and void, unless the town superintendent files or records his order in his office, or the office of the town clerk.

The answer in the present case shows that Bintliff made an order, in writing, in which he ascertained and determined the proportion of the value of the school house, and other property justly due the new district; and the amount of money named in the order it appears has been raised by taxation upon the old district, and tendered to the new district No. 6. If the facts set up in the answer are true, we have no doubt, but Bintliff made a verbal and effectual order of apportion-

ment, and unless the facts can be successfully controverted, a peremptory writ must be denied. The plea does not take issue upon these facts, and it was conceded upon the argument that the order was made as therein stated.

The demurrer must therefore be sustained, with leave to the relators to file an amended plea, if they desire it.